IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FREDERICK BEAMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | No.  3:16-cv-1002 |
| | ) | |
| MEMORIAL REGIONAL HEALTH | ) | |
| SERVICES, INC, *d/b/a* BELLEVILLE | ) | **PLAINTIFF DEMANDS** |
| MEMORIAL HOSPITAL | ) | **TRIAL BY JURY** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### COUNT I
*42 USC §1981, Title VII - The Illinois Human Rights Act*
*(Race Discrimination)*

COMES NOW the Plaintiff, FREDERICK BEAMAN, by his undersigned attorneys, and in support of Count I of his Complaint against Defendant MEMORIAL REGIONAL HEALTH SERVICES, INC., *d/b/a* BELLEVILLE MEMORIAL HOSPITAL, states:

1.      This matter is brought pursuant to 42 USC §1981, Title VII of the Civil Rights Act of 1964 (as amended), and the Illinois Human Rights Act.

2.      As this matter is brought pursuant to certain federal statutes that prohibit race discrimination and retaliation, this Court has jurisdiction over this matter pursuant to this Court's federal question jurisdiction, 28 USC §1331.

3.      Plaintiff is an individual who at all relevant times lived in and was a citizen of Belleville, Illinois, an area within the jurisdiction and venue of the federal court for the Southern District of Illinois.

4.      Defendant Memorial Regional Health Services, Inc., *d/b/a* Belleville Memorial Hospital is a corporation incorporated under the laws of Illinois and doing business in the State of Illinois.

5.      Plaintiff is African American.

6.      Plaintiff was employed by defendant from July, 2005 until April 26, 2016.

7.      Defendant terminated plaintiff's employment on or about April 26, 2016.

8.      During the course of plaintiff's employment with defendant, plaintiff observed certain decisions of defendant that plaintiff believed were motivated by illegal race discrimination.

9.      Prior to April 26, 2016, plaintiff complained to defendant regarding racial discrimination. Plaintiff complained directly to his supervisor, Wallace Maeir, of the discrimination. Additionally, plaintiff advised Denise Groom, the Assistant Director of Human Resources, that plaintiff believed he was being discriminated against.

10.     Plaintiff at all relevant times met or exceeded defendant's reasonable job expectations.

11.     Defendant treated white employees more favorably than defendant treated plaintiff, who was the only African American working in his particular department, with regards to discipline, write-ups, and opportunities for training and advancement.

12.     An example of defendant's race-based employment decision making is the fact that defendant had several employees working as Plant Operators. Plaintiff was the only African American working as a Plant Operator.

13.     On or around March 10, 2016, plaintiff was given a false and inaccurate write up and "final written warning"; similarly situated white employees were not given false and inaccurate write-ups or "final written warnings."

14.     On or about March 24, 2016, plaintiff met with Patricia Canada, the human resource representative, and complained that his write-up and warning were not warranted.

15.     On or about March 24, 2016, plaintiff complained to his supervisor, Wallace Maeir, that he was the "only black guy" working in plant operations and that it was wrong for defendant to single him out on the basis of race.

16.     On or about April 10, 2016, plaintiff reported defendant's race discrimination to the Equal Employment Opportunity Commission (EEOC). Defendant advised plaintiff's supervisor, co-workers, and third party vendors that plaintiff had taken this step.

17.     Plaintiff was upset and distraught by the false and inaccurate nature of defendant's actions against him and plaintiff took April 11, 2016 off of work in the form of a "PTO" (personal time off).

18.     Plaintiff continued to experience anxiety as a result of defendant's conduct. Plaintiff sought medical help on or around April 19, 2016.

19.     Because of plaintiff's distress and anxiety, plaintiff requested and received time off of work pursuant to the Family Medical Leave Act on April 19, 2016.

20.     On April 25, 2016, plaintiff's physician notified defendant that plaintiff was medically excused from working for medical reasons.

21.     Defendant terminated plaintiff on April 26, 2016.

22.     In violation of 42 USC §1981, Title VII of the Civil Rights Act of 1964 (as amended), and the Illinois Human Rights Act, defendant intentionally discriminated against plaintiff on account of his race.

23.     As a direct result of defendant's intentional and illegal discrimination directed against plaintiff, plaintiff has sustained damages.

24.     Plaintiff, who is a person of color and a member of a race protected by 42 USC §1981, suffered an adverse employment action as a result of his race.

25.     White employees who engaged in conduct which did not meet the employers' reasonable employment expectations did not suffer an adverse employment action, nor did they have their employment terminated.

26.     Plaintiff's race, African American, was a motivating factor in defendant's decision to terminate plaintiff's employment.

27.     Defendant intentionally discriminated against plaintiff as regards the terms and conditions of plaintiff's employment with defendant, and as regards the termination of plaintiff's employment on account of plaintiff's race, African American.

28.     As a direct and proximate result of defendants's intentional and illegal race discrimination against plaintiff, plaintiff has suffered, continues to suffer, and will suffer in the future a loss of income, wages, compensation, benefits, pension contributions, opportunities for advancement, and other terms and benefits associated with plaintiff's employment with defendant.

29.     As a direct and proximate result of defendant's intentional and illegal race discrimination against plaintiff, plaintiff has suffered and continues to suffer embarrassment, emotional distress, pain and suffering, and other compensatory damages.

30.     Defendant's conduct in intentionally discriminating against plaintiff on account of his race was motivated by evil motives and evil intent, or defendant was so callously indifferent to plaintiff's rights that significant punitive damages are warranted.

31.     42 USC §1981, Title VII of the Civil Rights Act of 1964 (as amended), and the Illinois Human Rights Act permit the award of reasonable attorneys' fees. Pursuant to 42 USC §1981 and other relevant statutes, plaintiff respectfully requests that the Court order defendant to pay all plaintiff's reasonable costs, expenses, and attorneys' fees incurred as a result of pursuing this matter.

32.     The discriminatory acts alleged herein occurred in the judicial district known as the United States District Court for the Southern District of Illinois.

33.     Plaintiff filed a timely charge of discrimination with the EEOC (being EEOC charge number 560-2016-01195), received a Dismissal and Notice of Rights ("notice of right to sue") from the EEOC, and files this claim with this Court within the time permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court find in plaintiff's favor and against defendant as to Count I, and:

A.     Enjoin defendant from violating 42 USC §1981, Title VII, and the Illinois Human Rights Act;

B.     Declare the acts of defendants to be illegal violation(s) of 42 USC §1981, Title VII, and the Illinois Human Rights Act;

C.     Award plaintiff lost wages and benefits, and other compensation proximately caused by defendant's illegal discriminatory conduct and decisions;

D.     Award plaintiff compensatory damages in excess of $75,000.00;

E.     Assess punitive damages against defendant in an amount well in excess of $75,000.00;

F.   Award plaintiff his reasonable costs, expenses, expert fees, and attorneys' fees; and

G.   Award such other and additional relief as this Court deems proper and just.

## COUNT II
*42 USC §1981, <u>CBOCS West, Inc. v. Humphries</u>, 128 S.Ct. 1951 (2008),*
*Title VII, and the Illinois Human Rights Act*
*(Retaliation)*

COMES NOW the Plaintiff, FREDERICK BEAMAN, by his undersigned attorneys, and in support of Count II of his Complaint against Defendant MEMORIAL REGIONAL HEALTH SERVICES, INC., *d/b/a* BELLEVILLE MEMORIAL HOSPITAL, states:

1.   This matter is brought pursuant to 42 USC §1981, Title VII of the Civil Rights Act of 1964 (as amended), and the Illinois Human Rights Act.

2.   As this matter is brought pursuant to certain federal statutes that prohibit race discrimination and retaliation, this Court has jurisdiction over this matter pursuant to this Court's federal question jurisdiction, 28 USC §1331.

3.   Plaintiff is an individual who at all relevant times lived in and was a citizen of Belleville, Illinois, an area within the jurisdiction and venue of the federal court for the Southern District of Illinois.

4.   Defendant Memorial Regional Health Services, Inc., *d/b/a* Belleville Memorial Hospital, is a corporation incorporated under the laws of Illinois and doing business in the State of Illinois.

5.   Plaintiff is African American.

6.     Plaintiff was employed by defendant from July, 2005 until April 26, 2016.

7.     Defendant terminated plaintiff's employment on or about April 26, 2016.

8.     During the course of plaintiff's employment with defendant, plaintiff observed certain decisions of defendant that plaintiff believed were motivated by illegal race discrimination.

9.     Prior to April 26, 2016, plaintiff complained to defendant regarding racial discrimination. Plaintiff complained directly to his supervisor, Wallace Maeir, of the discrimination. Additionally, plaintiff advised Denise Groom, the Assistant Director of Human Resources, that plaintiff believed he was being discriminated against.

10.     Plaintiff at all relevant times met or exceeded defendant's reasonable job expectations.

11.     Defendant treated white employees more favorably than defendant treated plaintiff, who was the only African American working in his particular department, with regards to discipline, write-ups, and opportunities for training and advancement.

12.     An example of defendant's race-based employment decision making is the fact that defendant had several employees working as Plant Operators. Plaintiff was the only African American working as a Plant Operator.

13.     On or around March 10, 2016, plaintiff was given a false and inaccurate write up and "final written warning"; similarly situated white employees were not given false and inaccurate write-ups or "final written warnings."

14.     On or about March 24, 2016, plaintiff met with Patricia Canada, the human resource representative, and complained that his write-up and warning were not warranted.

15. On or about March 24, 2016, plaintiff complained to his supervisor, Wallace Maeir, that he was the "only black guy" working in plant operations and that it was wrong for defendant to single him out on the basis of race.

16. On or about April 10, 2016, plaintiff reported defendant's race discrimination to the Equal Employment Opportunity Commission (EEOC). Defendant advised plaintiff's supervisor, co-workers, and third party vendors that plaintiff had taken this step.

17. Plaintiff was upset and distraught by the false and inaccurate nature of defendant's actions against him and plaintiff took April 11, 2016 off of work in the form of a "PTO" (personal time off).

18. Plaintiff continued to experience anxiety as a result of defendant's conduct. Plaintiff sought medical help on or around April 19, 2016.

19. Because of plaintiff's distress and anxiety, plaintiff requested and received time off of work pursuant to the Family Medical Leave Act on April 19, 2016.

20. On April 25, 2016, plaintiff's physician notified defendant that plaintiff was medically excused from working for medical reasons.

21. Defendant terminated plaintiff on April 26, 2016.

22. The reason given to support the termination of plaintiff's employment was a false and pretextual claim that plaintiff had been sleeping.

23. Similarly situated white employees accused of sleeping were not subjected to discipline and did not have their employment terminated.

24. In violation of 42 USC §1981, Title VII of the Civil Rights Act of 1964 (as amended), and the Illinois Human Rights Act, defendant retaliated against plaintiff on account of his efforts to report and resist illegal discrimination.

25.     As a direct result of defendant's illegal retaliation directed against plaintiff, plaintiff has sustained damages.

26.     Plaintiff's efforts to resist and report illegal race discrimination were motivating factors in defendant's decision to give plaintiff unwarranted discipline, and subsequently in defendant's decision to terminate plaintiff's employment.

27.     As a result of plaintiff's protected activities – including but not limited to plaintiff's reporting what plaintiff in good faith believed to be defendant's illegal discrimination – defendant retaliated against plaintiff as regards the terms and conditions of plaintiff's employment with defendant and as regards the termination of plaintiff's employment.

28.     As a direct and proximate result of defendant's retaliation against plaintiff, plaintiff has suffered, continues to suffer, and will suffer in the future a loss of income, wages, compensation, benefits, pension contributions, opportunities for advancement and other terms and benefits associated with plaintiff's employment with defendant.

29.     As a direct and proximate result of defendant's retaliation against plaintiff, plaintiff has suffered and continues to suffer embarrassment, emotional distress, pain and suffering and other compensatory damages.

30.     Defendant's conduct in intentionally retaliating against plaintiff on account of his reporting and/or resisting illegal race discrimination is such that significant punitive damages are warranted.

31.     42 USC §1981, Title VII of the Civil Rights Act of 1964 (as amended), and the Illinois Human Rights Act permit the award of reasonable attorneys' fees. Pursuant to 42 USC §1981 and other relevant statutes, plaintiff respectfully requests that the

Court order defendant to pay all plaintiff's reasonable costs, expenses, and attorneys' fees incurred as a result of pursuing this matter.

32.     The retaliatory acts alleged herein occurred in the judicial district known as the United States District Court for the Southern District of Illinois.

33.     Plaintiff filed a timely charge of discrimination with the EEOC (being EEOC charge number 560-2016-01195), received a Dismissal and Notice of Rights ("notice of right to sue") from the EEOC, and files this claim with this Court within the time permitted by law.

WHEREFORE, plaintiff respectfully requests that this Court find in plaintiff's favor and against defendant as to Count II, and:

A.     Enjoin defendant from violating 42 USC §1981, Title VII and the Illinois Human Rights Act;

B.     Declare the acts of defendants to be illegal violation(s) of 42 USC §1981, Title VII and the Illinois Human Rights Act;

C.     Award plaintiff lost wags and benefits, and other compensation proximately caused by defendant's illegal discriminatory conduct and decisions;

D.     Award plaintiff compensatory damages in excess of $75,000.00;

E.     Assess punitive damages against defendant in an amount well in excess of $75,000.00;

F.     Award plaintiff his reasonable costs, expenses, expert fees and attorneys' fees; and

G.     Award such other and additional relief as this Court deems proper and just.

## COUNT III
*29 U.S.C. sec 2601 et seq, Family And Medical Leave Act of 1993*

COMES NOW the Plaintiff, FREDERICK BEAMAN, by his undersigned attorneys, and in support of Count III of his Complaint against Defendant MEMORIAL REGIONAL HEALTH SERVICES, INC., *d/b/a* BELLEVILLE MEMORIAL HOSPITAL, states:

1.      This matter is brought pursuant to the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. §2601 et seq.

2.      This Court has jurisdiction over this matter pursuant to this Court's federal question jurisdiction, 28 USC §1331.

3.      Plaintiff is an individual who at all relevant times lived and was a citizen of Belleville, Illinois, an area within the jurisdiction and venue of the federal court for the Southern District of Illinois.

4.      Defendant is a corporation incorporated under the laws of Illinois and doing business in the State of Illinois.

5.      Plaintiff was employed by defendant from July, 2005 until April 26, 2016.

6.      Defendant terminated plaintiff's employment on or about April 26, 2016.

7.      Defendant is a business with over 50 employees.

8.      Plaintiff at all relevant times met or exceeded defendant's reasonable job expectations.

9.      On and before April 11, 2016, plaintiff began experiencing severe headaches, shaking and nervousness.

10.     On April 11, 2016, plaintiff applied for and received "paid time off/personal time off" in full compliance with defendant's rules and regulations as promulgated by its handbook as well as all relevant practices and procedures established by defendant.

11.     On April 19, 2016, plaintiff also made application for leave pursuant to the FMLA.

12.     On April 22, 2016, defendant acknowledged plaintiff's application for leave pursuant to FMLA, found plaintiff eligible for FMLA ,and gave him a one-week leave (from April, 19 2016 to April 26 2016).

13.     Plaintiff consulted with his physician regarding his symptoms on April 25, 2016.

14.     Plaintiff's physician, a part of Memorial Medical Group, diagnosed plaintiff with elevated blood pressure, nervousness and adjustment disorder.

15.     Plaintiff's physician prescribed medical treatment for plaintiff's symptoms and underlying conditions.

16.     Plaintiff's physician determined that plaintiff''s symptoms were severe enough to require more time off work. On April , 2016, plaintiff's physician wrote a "note for medial leave" which excused plaintiff from work from April 25, 2016 until May 17, 2016 for medical reasons.

17.     Defendant qualifies as an "employer" as that term is defined in FMLA, 29 U.S.C. §2611(4), and plaintiff is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. 2611(2).

18.     Plaintiff was "entitled to leave" as defined in the FMLA, 29 U.S.C. §2612(1), and plaintiff was denied his right to medical leave as prescribed in the FMLA.

19.     Plaintiff was entitled to restoration to his position as described in the FMLA, 29 U.S.C. §2614(1).

20.     Defendant is responsible under FMLA, 29 U.S.C. §2617(a).

21.     On April 26, 2016, defendant advised plaintiff that his employment was terminated effective April 25, 2016.

22.     Defendant terminated plaintiff's employment the same day defendant was advised of plaintiff's need for leave pursuant to the FMLA.

23.     Defendant's termination of plaintiff's employment was and is an illegal interference with plaintiff's rights afforded him under the FMLA.

24.     Defendant's termination of plaintiff's employment was in retaliation for Plaintiff's exercising of rights afforded him under the FMLA.

25.     All violations of the FMLA described herein occurred in the judicial district known as the United States District Court for the Southern District of Illinois.

26.     As a direct and proximate result of defendant's intentional and illegal violations of plaintiff's rights under the FMLA, plaintiff has suffered, continues to suffer and will suffer in the future a loss of income, wages, compensation, benefits, pension contributions, opportunities for advancement, and other terms and benefits associated with plaintiff's employment with defendant.

27.     As a direct and proximate result of defendant's intentional and illegal violations of plaintiff's rights under the FMLA, plaintiff has suffered and continues to suffer embarrassment, emotional distress, pain and suffering and other compensatory damages.

WHEREFORE, plaintiff respectfully requests that this Court find in plaintiff's favor and against defendant as to Count III, and:

A.    Award plaintiff compensatory damages in excess of $75,000.00;

B.    Award plaintiff lost wages, benefits, and other compensation proximately cause by defendant's violations of the FMLA;

C.    Award plaintiff his reasonable costs, expenses, expert fees, and attorneys' fees;

D.    Award a judicial declaration that defendant is liable under the FMLA, 29 U.S.C. §2617(a) for all past, present and future lost ages, employment benefits;

E.    Enjoin defendant from violating the Family Medical and Benefits Act; and

F.    Award such other and additional relief as this court deems proper and just.

FREDERICK BEAMAN

By:     */s/ Jack R. Daugherty*
        Jack R. Daugherty (#6229106)
        Law Office of Jack Daugherty P.C.
        112 Front Street
        Alton, IL 62002
        Phone: 618-462-9160
        Fax: 618-462-9167
        jack@jackdaughertylaw.com

        Lee W. Barron (#6195132)
        Lee W. Barron, P.C.
        112 Front Street
        Alton, IL 62002
        Phone: 618-462-9160
        Fax: 618-462-9167
        Lee@leebarronlaw.com

        ATTORNEYS FOR PLAINTIFF